Travis Hayward v. IBI Armored Services Good morning your honors, Michael Zhu on behalf of Travis Hayward, the plaintiff appellant. Can everybody hear me? Yes, you may proceed. Thank you. The district court here erred in granting the defendant's motion for partial summary judgment and dismissing the plaintiff's New York State Labor Law overtime claim. As we conceded in the brief and the district court found below, the plaintiff here is not entitled to an overtime claim based on the Fair Labor Standards Act because he's an exempted employee under the motor carrier exemption. However, the New York State Labor Law provides a broader protection for its workers where – in a very specific instance where a worker's regular rate of pay is less than one and a half times the state's minimum wage. Then that worker, even if he is subject to an exemption, is entitled to overtime pay at a rate of one and a half times the state's minimum wage. Here, for all intents at all times relevant, Mr. Hayward's regular rate of pay in 2014 was $11 an hour. During that time period, New York State's minimum wage was $8 an hour, and the calculus is very simple. If his regular rate of pay was less than one and a half times the basic minimum wage, and here, because the minimum wage was $8, one and a half times would be $12, but his regular rate of pay was $11. He is therefore entitled to overtime pay at a rate of $12 an hour for all hours that he worked over 40 hours during a work week. This is promulgated under New York State's Labor Law, section 142-2.2. The first part of that regulation provides for an overtime payment under the FSLA standards, which is overtime at a regular hourly rate of one and a half times that regular hourly rate… … with certain exceptions and various exceptions of which the plaintiff is subject to, including the motor carrier exemption. However, that wage order then expressly provides that an employer shall pay employees subject to those exemptions, including the MCE, overtime at a rate of one and a half times the basic minimum hourly rate. Now, this provision, as I said before, is more beneficial and protective of workers, and under section 218a of the FLSA, which is otherwise known as the Savings Clause… … because it provides standards that are more beneficial to workers, the preemption doctrine does not apply here, which is what several district court cases have held. We cited in our brief, one is Gin v. Sick Palm Trading. In that case, it was an eastern district case. The plaintiff was a delivery driver for a wholesale food company. No overtime wages were paid, even though he worked more than 40 hours. He earned less than minimum wage. The defendant moved for summary judgment, claiming that he was subject to the motor carrier exemption. And the district court rightfully dismissed the FLSA overtime claim because of that motor carrier exemption. However, the court then went on to say that New York's labor law overtime claim entitled the plaintiff to overtime wages at one and a half times New York's basic minimum wage because his regularly hour rate was less than one and a half times the basic minimum rate. The same conclusion was reached by the western district in Hernandez v. Alpine, based on virtually the same facts. We also discussed in our brief other exemptions… Excuse me, can I ask a procedural question for a minute? Am I right that you initially brought this suit as a collective action, asserted on behalf of similarly situated IBI employees? Yes. The plaintiff is one of, I believe, 24 opt-in plaintiffs. Okay, but I understood from the record that you never actually sought certification, so this is simply 29 individual plaintiffs who are… That is correct. Is that right? That is correct. This is not a class action. Okay, so this decision has impact limited to these 29 individuals potentially, although… That is correct. …instead it involves the interpretation of the statute obviously could go broader. Thank you. Yes. So just continuing, we also cited to other exemptions under the FLSA where courts have held that workers who earned less than – whose workers' hourly rate was less than one and a half times the basic minimum rate, that they were entitled to overtime under this wage order, including the exemptions for Home Health Aid workers and Railway Labor Act workers. Although the defendant argues that these were different exemptions, the fact that there were different exemptions is not dispositive because what's important here is the underlying doctrine that the wage order expressly provides for payment to workers who are subject to exemptions. Now, the wage order itself doesn't say – doesn't limit the exemptions to just a motor carrier exemption. It just says that employees were subject to the exemptions of Section 13 of the FLSA, which includes the home health worker, the railway labor, and a motor carrier worker. So under those cases, we believe that the district court here erred in granting the defendant's motion for summary judgment and dismissing it on the grounds that the wage order itself expressly provides that workers who are subject to the exemption do not get overtime. See, I believe the issue is very poignant and targeted here because the district court said that the wage order expressly exempts MCE workers from overtime, but that's true only to the extent where it's overtime based on a regular rate of pay. See, Mr. Hayward here is not asking for – when he earns $11 an hour, he's not asking for overtime at $16.50 an hour, which would be one and a half times his regular rate of pay. That is exempted. What he's asking for is overtime based on one and a half times the minimum wage, which would be $12. This is Judge Jacobs. Suppose the New York labor law or the wage order had said that your clients would be entitled to one and a half times their regular wage. Would that be impermissible? Correct. Yes, that would be impermissible because the sentence prior to that expressly says that – is that – is what you just said, is that overtime is calculated at one and a half times a regular rate of pay except workers who are subject to the exemptions. So that's already been covered, which is why the second sentence is very – is applicable here because it provides a better – a greater benefit to a worker, which under the savings clause, the Constitution has already said that states can't regulate this type of compensation because it effectively raises the minimum wage. And gives a worker a broader protection for those workers who are subject to those exemptions. Thank you, counsel. You have reserved two minutes for rebuttal. We'll hear from IBI Armored Services. Thank you, Your Honor. Stacey Pitcher on behalf of the defendant appellees. Our position as set forth in our brief is quite simple. It's that the vast majority of cases in this circuit to decide this issue have held that under the New York labor law, like under the FLSA, people subject to the motor carrier exemption are not entitled to overtime, period. That's why we turned the lights on to consider whether those rulings are correct. Why are they correct? I believe they're correct, Your Honor, because the wage order explicitly adopts the exemptions. The – you'd have to essentially hold that every court in the circuit to consider this has somehow got it wrong except for Ginn and Hernandez. But Ginn – no one else has followed either Ginn or Hernandez, and I recognize that certainly is by no means dispositive, but it certainly should be instructive that while the other cases that go the other way have been cited repeatedly, no one is citing those two cases. Counsel, excuse me, this is Judge Carney. So what is your interpretation of the second sentence of Section 142-2.2 that says an employer shall pay employees subject to the exemptions of Section 13 at overtime at a wage rate of one or one-half times basic minimum hourly rate? And it seems to me that that addresses precisely the circumstances presented here. What's your interpretation of that sentence? I think the problem is that the sentence isn't clear, is that you kind of cannot reconcile the two things by saying that we're going to incorporate the exemptions, but then we're still going to give you something. And while I think that it does sort of – Excuse me, I don't see why those are inconsistent. The first one says, okay, the exemption applies, you're not entitled to the one and one-half times your regular rate, but the second one says even though you're not entitled to one and one-half times your regular rate, you are entitled to overtime at one and one-half times the basic minimum hourly rate. Those seem to me consistent with each other, and the second sentence addresses the employees covered by the exemption flagged in the first. So how is that not a reasonable reading of the statute? I think it could be a reasonable reading of the statute, Your Honor. I think perhaps it somewhat bleeds over into the preemption context because of the specific rationale behind the Motor Carrier Act. But we've already held, haven't we, that preemption doesn't apply in Pettus and overnight, right? I do understand that, and I don't do it lightly in advocating that this court should overrule those decisions. Overnight was just purely, I think, a sort of rubber stamping of Pettus, and in terms of Pettus, the issue that I have is that the basis for Pettus was the concept that the law has allowed – beneficial benefits. However, it's very specific. It's just specific to allowing for a higher minimum wage. It doesn't say that it can be any higher benefit, and that was sort of the crux of how Pettus was decided. But the reality is that the hours is a totally different thing. The reason the Motor Carrier Exemption existed was to put in place a system to protect the safety interests put forth by the Motor Carrier Act. And what was central to that was getting rid of this concept of a 40-hour workweek. But if you go and you now say, well, you're going to get overtime for any hour over 40, it reinstitutes to this 40-hour workweek that, for various safety reasons, Congress said we're not going to follow. But let me ask you this. I mean, why would it be inconsistent for federal law to say that nobody may work – this class of employees may not work more than 30 hours a week, and to have the state say, well, but if they work more than 40 hours a week, this is – I would say that it's inconsistent, Your Honor, because the laws around preemption are saying that if the state law is an obstacle to the accomplishment and execution of the objectives of the federal law, that it would be preempted. So if the federal law had said for safety reasons that we're going to limit, as your hypothetical said, the number of hours that the truck drivers can drive to 30 hours for safety reasons, if then New York State were to say, oh, wait, but if you happen to work more than 40, I'll pay you more, that explicitly goes against the safety rationale of only limiting it to 30 hours that the federal government thought was so important for interstate motor carriers. Well, it doesn't – I don't think it reinstitutes the 40-hour work week because the employer is still bound by the federal law that says – that eliminates the 40-hour work week. It may be that the state minimum wage provision has no application, but I don't think that it can apply by changing federal law under the motor carrier law. I don't know that it's – I mean, obviously, if it was literally inconsistent, this would be a different question. But in terms of the law around preemption being whether it frustrates the purpose, and here I think that by having a system that advantages the working of over 40 hours puts that in a completely different hour context, which is why that was sort of given over to the purview of the Department of Transportation under the Motor Carrier Act. Do you have an argument for the interpretation of these various enactments other than preemption? Because preemption is blocked, I mean, so far as this panel is concerned. I mean, we can ask for in-bank review. We can ask the active members of the court if they have any objection to changing it, but you have to start from the assumption that we are bound by our precedent. So do you have any argument for the interpretation of these statutes and enactments other than preemption, which is, at least for this panel, barred? Sure, Your Honor. And, I mean, it obviously says what it says, but in practice, we don't see how it could be applied that way, and neither have any of the other courts that have decided. Interestingly, the Hernandez decision, which is one of the only two decisions that has held this way from the Western District of New York, is somewhat peculiar because, in that case, the court ruled that the motor carrier exemption didn't apply even for the purposes of the FLSA claim. It nonetheless then went on to hold that, under the New York labor law, the plaintiff was only entitled time and a half the minimum wage rate, which, under the appellant's position here, only would have come into play if they were, in fact, exempted under the motor carrier exemption. And so that decision, it doesn't even follow even the appellant's argument in this case. And so I'm not even sure what the court was doing in Hernandez. Our position, I see that my time is ending, is quite simply that the exemptions were incorporated into the statute. The only reading that gives any effect to the motor carrier exemption is how the vast majority of the courts have held in this circuit. And I also ask that the court consider overruling Pettis and Overnight. Thank you. Of course, counsel. Thank you. Your time has expired. You know that a panel of three cannot overrule an existing precedent of our court. But thank you for the thought, anyway. Mr. Zhu, you've retained two minutes for rebuttal. Yes. Thank you, Judge. Just one very brief point. With respect to my adversary's comment about the number of district court cases that have gone the other way, so to speak, for me. In my reply brief, starting at page three and four, I list those cases, and I believe there are five or six of them, where I actually went into the record for those cases and distinguished them on a very specific point, which was that in each of those cases, Fox, Kennedy, Dominich, Williams, and Romero, the plaintiff in each of those cases all earned a regular hourly rate of pay that was higher than the state's minimum wage at the time those decisions were rendered. So they wouldn't have qualified for this overtime pay at a minimum one and a half times of minimum wage, or that second sentence in the wage order anyway. So under no circumstances could a district court have passed on the issue of whether those plaintiffs were entitled to overtime at one and a half times the basic minimum wage. Like I said from the very beginning, I'm actually not here, and this wouldn't be a case if none of the plaintiffs here earned a regular hourly rate of pay that was greater than one and a half times the state's minimum wage. Because once that happens, if Mr. Hayward earned $14 an hour as his regular rate and one and a half times was only $12, then he's not entitled to this overtime pay because he has already been overcompensated as far as New York State's legislature is concerned because he has already earned more than one and a half times the basic minimum wage. So there's no need to compensate him for overtime. So like I said, if those weren't the facts, I'm not here. Mr. Cooper never would have instituted this action on behalf of the plaintiffs. Let me ask this following up on observations made by your adversary. Is it the case that anybody who is entitled to this overtime, in your view, under New York law, would be working more hours than is permitted by the Motor Carrier Act? No, because the Motor Carrier Act really just says that we're not going to set a minimum or maximum number of work hours. So what happens here is that if you do indeed go over 40 hours, the state says – the state is merely saying that if you're going over more than 40 and you earn less than one and a half times the minimum wage, then we'll compensate you for that extra number of hours that you've worked. But listen, I'm sorry. The workers are not driven, so to speak, to work more hours here to earn overtime. They're assigned these routes to drive, and it's either you drive or you don't work. In that case, what does the Motor Carrier Act have to do with motor safety? If there's no limitation on the number of hours somebody can work 80 hours a week, they'll be asleep at the wheel. I totally understand that, and I agree that it's a fundamental purpose of the Motor Carrier Act. But here, just because the state is saying that you're entitled to this modified overtime, I don't believe that that would create a situation that would lead workers to work more hours than they normally would be required to. Thank you. Thank you. Thank you both. We'll reserve the session.